## DATE FROM WHICH TIME RUNS FOR FILING A PETITION IN ERROR.

Circuit Court of Lorain County.

Mrs. W. F. McLean v. Cornelia Johnson et al.

Decided, May 8, 1905.

*Error—Reversal of a Judgment Obtained in Justice Court and Retaining Case for Trial Not a Final Order.*

Where a case is taken upon error from the court of a justice of the peace to the court of common pleas, the judgment of the justice reversed and the case retained for trial and at a later term dismissed for want of prosecution, the four months within which a petition in error may be filed in the circuit court dates from the dismissal of the case and not from the reversal of the judgment of the justice, as that was not a final order.

Winch, J.; Marvin, J., and Henry, J., concur.

July 23, 1903, plaintiff brought her action against the defendant before a justice of the peace, and in her bill of particulars claimed judgment for "the sum of $42.20 amount due including the interest for medical services rendered and medicines furnished to defendant by the late Dr. W. F. McLean, and which account is now the property of plaintiff?"

The attorney for plaintiff verified said bill of particulars by his affidavit. Summons was issued returnable July 28th, 1903, and defendants duly served. On the latter date, as appears from the transcript of the justice, defendants failed to appear; plaintiff was present by her attorney and the justice made the following entry:

"No counter-claims or off-sets presented. By reason of the sworn affidavit of plaintiff's attorney attached to her bill of particulars, that said account is due and payable, it is considered and adjugded by me that said plaintiff recover from said defendants the sum of $42.20, together with the costs of this case as of record herein taxed."

August 28, 1903, said defendants filed their petition in error in the common pleas court, praying for the reversal of said judgment.

Plaintiff was granted leave to file an answer to said petition in error in which she set up certain facts with regard to the merits of the case, and as to what was done in the justice court, but of course the facts set forth in the transcript from the justice are the only facts which the common pleas court could consider, as no bill of exceptions was taken from the justice court.

March 7, 1904, the common pleas court reversed the judgment of the justice of the peace and retained the case for trial. To this judgment and order the defendant in error in said court took no exception.

December 15, 1904, no pleadings having been filed in common pleas court by either party, the action being duly called for trial, was dismissed for want of prosecution at the costs of said Mrs. W. F. McLean, for which judgment was rendered against her. No exception was taken to this judgment or order.

Thereafter on December 31, 1904, said Mrs. W. F. McLean filed her petition in error in this court, to reverse the judgment of the common pleas court.

Defendants in error objected to hearing this case on the ground that the petition in error was filed too late in this court.

That would be true were the four months within which a petition must be filed to date from the judgment of reversal, March

7, 1904. But that judgment was not a final order upon which proceedings in error could be predicated. *Kelly* v. *Hunter*, 12 O., 216; *Langworth* v. *Sturges*, 6 O. S., 143; *Railway Co.* v. *Barley*, 39 O. S., 170; *Bradley* v. *Walker*, 13 C. C., 530.

The reason for this rule is that the common pleas court having reversed the judgment of the justice of the peace, under Section 6733, Revised Statutes, was obliged to retain the case "for trial and final judgment, as in cases of appeal" so that the case was still pending in the common pleas court until such trial and final judgment.

The petition in error in this court is filed in time, if the four month's limitation is dated from the judgment of dismissal.

It appears that the common pleas court reversed the justice court because the latter rendered judgment upon a verified bill of particulars, without further proof, notwithstanding said bill of particulars failed to contain a full statement of the items constituting the cause of action, as provided in Section 6562, Revised Statutes, which reads:

"If either party shall set forth in his bill of particulars, counter-claims or set-off, a full statement of the items constituting his cause of action, or defense, and if the same shall be verified by the affidavit of the party, his agent or attorney, the party appearing having complied with the provisions of this section shall be entitled to a judgment, without further proof, in all cases where the opposing party fails to appear and set up his defense to such cause of action, counter-claim or set-off in accordance with the provisions of this section."

We are inclined to think that there was a technical violation of this statute by the justice and that the transcript shows it, but whether the common pleas court erred in reversing the justice court for that reason can not be reviewed in this court, for, as shown, it was not a final order, and no exception was taken to said judgment of reversal.

Upon said reversal the defendant in error below had a right to file a petition in the common pleas court and try out her case there; this she neglected to do for three terms, and thereupon the common pleas court dismissed the case for want of prosecution. That there was error in so doing does not appear

from the transcript of said court, and as no bill of exceptions was taken to said judgment, we are unable to say that it was erroneous. *Miller* v. *Simms*, 1 C. S. C. R., 485.

Judgment affirmed.